ECF filed on:
DEC 2 8 2006

Stephanie L. Cooper, Esquire
Nevada Bar No. 5919
THE COOPER CASTLE LAW FIRM
f/k/a THE COOPER CHRISTENSEN LAW FIRM, LLP
820 South Valley View Blvd.
Las Vegas, NV 89107
(702) 435-4175/(702) 435 4181 (facsimile)
7964.30020

Attorney for Movant
People's Choice Home Loan, Inc.
(2nd Deed of Trust)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA (LAS VEGAS)

| | |
|---|---|
| In re Traci Nichal Turner,<br><br>      Debtor. | CHAPTER 11<br>BANKRUPTCY NO: 06-13358<br>DATE: January 22, 2007<br>TIME: 9:30 AM<br>MOTION NO: 1 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

### I.    Introduction

COMES NOW, People's Choice Home Loan, Inc., its agents, successors in interest, assignors or assignees ("Movant" hereinafter) and moves this court for an order terminating the automatic stay allowing Movant to proceed with and complete any and all contractual and/or

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

statutory remedies incident to its security interests held in real property commonly described as **1952 Napoleon Drive** ("Property" hereinafter) and legally described in the Deed of Trust.

## II.    Parties in Interest

On or about September 23, 2005, Traci N. Turner executed a note in the original principal amount of $124,000.00.

The indebtedness under the Note is secured by a second Deed of Trust recorded against the Property.  A true and correct copy of the Note and Deed of Trust are attached hereto as **Exhibit "B"** and are incorporated herein by reference.

Traci Nichal Turner ("Debtor" hereinafter)filed for protection under Chapter 11 of Title 11 of the United States Code on November 13, 2006 as case number 06-13358.

## III.    Estimate of Obligation

The approximate amount owed under the terms of the note is $136,588.24.  This total is an approximation of the lien, including principal balance plus accrued interest, late charges, and other fees and costs.  This estimate is provided only for the purposes of this motion and cannot be relief upon for any other purpose, including tender of payoff.  An exact, itemized payoff figure will be obtained from Movant upon written request to counsel for Movant.

## IV.    Value of the Property and Additional Liens

The Property has been valued at $610,000.00 in Debtor's Schedules.  A true and correct copy of Debtor's Schedules A and D are attached hereto as **Exhibit "C"** and are incorporated herein by reference.  The Property is also encumbered by the following liens in favor of: People's Choice (1st Deed of Trust ):  $533,275.75.

## V.    Payment Default

Pursuant to LBR 4001(a), on December 11, 2006, Debtor's counsel was advised via facsimile transmission of the Debtors default.  A true and correct copy of the letter is attached hereto as **Exhibit "D"** and incorporated herein by reference.

As of the date of preparation of this motion, the Debtor's loan is in default and the following is due and owing:

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

| | |
|---|---|
| UNPAID PRINCIPAL BALANCE: | $123,799.03 |
| 8 Regular payments from 5/1/06-12/1/06 | |
|     each at $1,311.39 | $ 10,489.52 |
| 8 Late charges from 5/1/06-12/1/06 | |
|     each at $65.57 | $    524.56 |
| Accrued late charges | $    590.13 |
| Recording fee | $     35.00 |
| Attorneys' fees | $  1,000.00 |
| Cost | $    150.00 |

**Total:**                                              **$136,588.24**

The figure above does not include any payments received after the date of this motion was prepared or payments that have since come due.

## VI.    Authority

Under 11 U.S.C. §362(d)(1), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause". In the case at bar, Movant's interest in the Property is not adequately protected. Debtor has failed to make the eight (8) payments to Movant. The total liens on the Property exceed the value of the Property.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.   Relief from the stay, as to the Debtor and the bankruptcy estate, allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.   That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.   That the ten (10) day stay under Bankruptcy Rule 4001(a)(3) be waived.

4.   In the alternative, an Order requiring Debtor to reinstate and maintain all obligations due under all of the trust deeds encumbering the Property and further allowing Movant with the remedies to proceed with foreclosure should the Debtor fail to maintain her payments.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

5.  For reasonable attorneys' fees and cost.

6.  For such other relief as the Court deems proper.

Date: December 28, 2006

Respectfully submitted by:

/s/ Stephanie L. Cooper
The Cooper Castle Law Firm fka The Cooper
Christensen Law Firm, LLP,
STEPHANIE L. COOPER, ESQ.
Nevada Bar No. 5919

Attorneys for Movant

MOTION FOR RELIEF FROM AUTOMATIC STAY

4

**EXHIBIT A**

## SECTION 362 INFORMATION SHEET

Traci Nichal Turner _____    06-13358 _____    _____

DEBTOR                              .                    BANKRUPTCY NO.              MOTION NO.

People's Choice Home Loan, Inc. _____

MOVANT                                                CHAPTER  11

PROPERTY INVOLVED IN THIS MOTION: 1952 Napoleon Drive, Las Vegas, NV 89156

NOTICE SERVED ON:   Debtor(s) _____; Debtor's counsel _____;  Trustee _____

DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY OF LIENS: | The EXTENT and PRIORITY OF LIENS: |
| 1st  $533,275.75<br>2nd  $136,588.24<br>3rd<br>4th<br>Other<br>Total Encumbrances:  $669,863.99<br>APPRAISAL or OPINION as to VALUE:<br><br>       $610,000.00 | 1st<br>2nd<br>3rd<br>4th<br>Other<br>Total Encumbrances:<br><br>APPRAISAL or OPINION as to VALUE: |
| TERMS OF MOVANT'S CONTRACT<br>with the DEBTOR | OFFER OF "ADEQUATE<br>PROTECTION" for MOVANT: |
| Amount of Note:  $124,000.00<br>Interest Rate:    12.37500%<br>Duration:        30 years<br>Payment per month: $1,311.39<br>Date of Default:   05/01/06<br>Amount of Arrears:  $12,789.21<br>Date of Notice of Default:  12/11/06<br><br>SPECIAL CIRCUMSTANCES:<br><br>No equity in the Property to adequately protect Movant's interest<br><br>Pursuant to Local Rule 4001(a)(5), Counsel for Movant attempted to confer with Debtor's Counsel, no later than two (2) business days prior to the filing of this Motion. Parties were unable to reach settlement in the matter.<br><br>Submitted by:<br>Signature: | SPECIAL CIRCUMSTANCES:<br><br><br><br><br><br>Submitted by:<br><br>Signature: |

FORM 362/10/95                              "EXHIBIT A"

**EXHIBIT B**



"I hereby certify that this is a true, correct, and complete copy of the original, which has been transmitted for recordation"

## NOTE

Loan No.:    10261092

September 23, 2005
Date

IRVINE
City:

CALIFORNIA.
State

1952 NAPOLEON DRIVE
Property Address

LAS VEGAS
City

NV
State

89156
Zip Code

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $124,000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is People's Choice Home Loan, Inc.. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of 12.375%.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $1,311.39 .
I will make my payments on the 1st day of each month beginning on November 1, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on October 1, 2035 I still owe amounts under this Note, I will pay all those amounts, in full, on that date!

I will make my monthly payments at P.O. Box 52678, Irvine, CA 92619 or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO RAYAS REQUIRED

**(A) Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $$5.00 and not more than U.S. $55.57 I will pay this late charge only once on any late payment.

**(B) Notice From Note Holder**
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated September 23, 2005 protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.



# SIGNATURE/NAME AFFIDAVIT

**DATE** 09/23/2005

**LOAN #:**  10261092

**BORROWER** TRACI N. TURNER

**THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.**
(This signature must exactly match signatures on the Note and Mortgage or Deed of Trust.)

TRACI' N.  TURNER

_____                    _____
(Print or Type Name)                          Signature

_____                    _____
(Print or Type Name)                          Signature

_____                    _____
(Print or Type Name)                          Signature

_____                    _____
(Print or Type Name)                          Signature

(If applicable, complete the following.)

**I AM ALSO KNOWN AS:**

Traci  Nichal  Turner                         _____
(Print or Type Name)                          Signature

Traci  Turner                                 _____
(Print or Type Name)                          Signature

Traci  N.  Patton                             _____
(Print or Type Name)                          Signature

_____                    _____
(Print or Type Name)                          Signature

and that Traci Nichal Turner, Traci Turner, Traci N Patton & Traci N Turner

and the same person.                                                 **are one**

State/Commonwealth of CALIFORNIA
County/Parish of SONOMA

Subscribed and sworn (affirmed) before me  Jamsheed R. Dessai,  Notary Public
this    24th    day of    September  ,  2005

_____
Notary Public in and for
the State/Commonwealth of CALIFORNIA
County/Parish of SONOMA
**My Commission Expires:** Sept 29,

JAMSHEED R. DESSAI
Commission # 1377334
Notary Public - California
Sonoma County
My Comm. Expires Sep 29, 2006

MMD-304 (9904)                                      MORTGAGE FORMS - (800)521-7291                    4199



"I hereby certify that this is a true, correct, and complete copy of the original, which has been transmitted for recordation"

(Name, Title)
do

Assessor's Parcel Number:
140-23-712-012
Return To: People's Choice Home Loan, Inc..

Prepared By: LSI, A FIDELITY NATIONAL FINANCIAL
2550 REDHILL AVENUE, SANTA ANA, CA 92705
Recording Requested By: PEOPLE'S CHOICE HOME LOAN, INC.
7.515 IRVINE CENTER DR. IRVINE, CA 92618

## DEED OF TRUST

MIN 100273900102610929

THIS DEED OF TRUST is made this 23rd            day of September , 2005
among the Grantor; TRACI N. TURNER  AN UNMARRIED WOMAN

F.C.I., A California Corporation                        (herein "Borrower"),

(herein "Trustee"), and the Beneficiary,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter
defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel.
(888) 679-MERS. People's Choice Home Loan, Inc.

existing under the laws of WYOMING                                    ("Lender") is organized and
7.515 IRVINE CENTER DR., IRVINE, CA  92618                    and has an address of

10261092

NEVADA- SECOND MORTGAGE-1/80-FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

Form 3829  Amended 2/99
-76N(NV) (0307).01
Page 1 of 8              Initials:
VMP Mortgage Solutions
(800)521-7291



BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of CLARK , State of Nevada:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT 'A'

(A.P.N. #: 140-23-712-012)

which has the address of        1952 NAPOLEON DRIVE,       ,        LAS VEGAS
                                     [Street]                           [City]

Nevada          89156             (herein "Property Address");
              [ZIP Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property". Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated September 23, 2005    and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $124,000.00    , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on October 1, 2035    ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and

10261092

Initials: ___

Form 3829



assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such a holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and, Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 41 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

10261092

Initials: ___

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Propery; provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender No? a Waiver.** Extension of the time for payment ps modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the

10261092

provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited, herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default, or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender shall mail copies of such notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

10261092

Initials:

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of: (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

31. Reconveyance. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

3/ Substitute Trustee. Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. Waiver of Homestead. Borrower waives all right of homestead exemption in the Property.

23. Assumption Fee. Lender may charge an assumption fee of U.S. $0.00

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

10261092

Initials: _____

Form 3829

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)          _____ (Seal)
TRACI N. TURNER        -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower



STATE OF ~~NEVADA~~ CALIFORNIA
COUNTY OF Sonoma

This instrument was acknowledged before me on September 24, 2005        by

Traci N. Turner.



JAMSHED N. DESSAI
Commission # 1377334
Notary Public - California
Sonoma County
My Comm. Expires Sep 29, 2006

_____
NOTARY PUBLIC

Mail Tax Statements To:

10261092

Psef s No. 16-11-62779399-TI  - 1668288-49

EXHIBIT "ONE"

Parcel One:

lot 15 in Block 1 of Sorell Estates Phase II as shown cz map thereof on file in book 42 of Plats, page 8 and as amended cz Amended Sorell Estates Phase II as recorded in book 45 of Plats, page 97, in the Office of the County Recorder of Clark County, Nevada.

Parcel Two:

Non-exclusive **easements** for access, ingress, egress, encroachment, support. maintenance, repairs and for other purposes over the common areas and over those portions of the Association Properties comprised of the Recreation Area Easement all as shown, described and limited in the Plan, the Notice and the **Declaration.**

Assessor's Parcel No: 140-23-712-012

2

**EXHIBIT C**

In re: **TRACI NICHAL** TURNER
       Debtor

Case No: 06-13358-mkn

### SCHEDULE **A- REAL** PROPERTY

Except as directed below, list all real property in which the debtor **has** any legal, equitable, or future interest, including all **property** owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds **rights** and **powers exercisable** for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an **"H","W","J"**, or "C" in the third column labeled "Husband, Wife, Joint or Community." if the debtor holds no interest in real **property,** write "None" under "Description and **Location** of Property."

Do not include interests in **executory** contracts and unexpired leases on this schedule. List them in Schedule **G-Executory** Contracts **and** Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the **secured** claim. See Schedule D. **If** no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is **filed,** state the amount of any exemption claimed in the property only in Schedule C— Property Claimed **as** Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB WIFE JOINT COM | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 853 Ashford Way Henderson, Nevada | Owner | W | $557,000.00 | $429,000.00 |
| 1952 Napoleon Drive Las Vegas, Nevada | Owner | W | $610,000.00 | 1st Mortgage: $496,000.00  2nd Mortgage: $124,000.00 |
| 5932 Victory Point Street North Las Vegas, Nevada | Owner | W | $314,000.00 | 1st Mortgage: $244,000.00  2nd Mortgage: $61,000.00 |
| | | | $1,481,000.00 | TOTAL |

In re: **TRACI NICHAL TURNER**
    Debtor

Case No: 06-13358-mkn

## SCHEDULE D— CREDITORS **HOLDING** SECURED CLAIMS

State the name, mailing address, including zip code, and the **last** four digits of any account **number** of all entities holding claims **secured** by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor **has** with the creditor **is useful** to the trustee and the creditor and may be provided if **the** debtor **chooses** to do so. List creditors holding all types of secured interests **such** as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

**List** creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor **child** and do not disclose the child's name. See 11 U.S.C. **112**; Fed. R. Bankr. P. **1007(m)**. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may **be** jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule **H— Codebtors.** If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "D" in the column labeled "Husband, Wife, Joint or Community" (Abbreviated: H,W,J,C).

If the claim is contingent. place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an **#X#** in the column labeled **"Unliquidated."** If the claim is Disputed, place an "X" in the column labeled Disputed. (You may need to place an X in more than one of these three columns.)

Report the **total** of all claims listed on **this** Schedule D **in the** box labeled "Total" on the **last** sheet of the completed Schedule. **Report** this total also on the Summary of Schedules.

[ ] Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code And Account Number | C O D E B T O R | H W J C | Date Claim Was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion If Any |
|---|---|---|---|---|---|---|---|---|
| Acct No: 0280077854 GMAC Mortgage P.O. Box 79135 Phoenix, AZ 85062 | | W | 2/2006 Deed of Trust 853 Ashford Way, Henderson, NV | | | | $443,000 | |
| Acct No: 0010256403 Peoples Choice Mortgage P.O. Box 50220 Irvine, CA 92619 | | W | 9/2005 Deed of Trust 1952 Napoleon Drive, Las Vegas, NV | | | | $496,000 | |
| Acct No: 0010261092 Peoples Choice Mortgage P.O. Box 50220 Irvine, CA 92619 | | W | 9/2005 Deed of Trust 1952 Napoleon Drive, Las Vegas, NV | | | | $124,000 | |
| Acct No: 1624005 Franklin Credit Management Corp. Sky Bank P.O. Box 94953 Cleveland, OH 44101 | | W | 11/2004 Deed of Trust 5932 Victory Point Street North Las Vegas, NV | | | | $241,000 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| AcctNo: ILN9067481394<br>Sovereign Bank<br>601 Penn Street<br>Reading, PA 19601 | | W | 114004<br>Deed of Trust<br>5932 Victory Point Street<br>North Las Vegas, NV | | | | $61,000 | |
| BdduNo: 265074-01<br>Redwood Credit Union<br>P.O. Box 6104<br>Santa Rosa, CA 95406 | | W | 1012006<br>Lien<br>Office equipment | | | | $9,923 | |
| | | | | | | | $1,374,923.00 | TOTAL |

(Report total also on Summary of Schedules)

**EXHIBIT D**

# ROUTH | **CRABTREE** | OLSEN, PS

505 N. Tustin Avenue, Suite 243
Santa Ann, CA 92705
Telephone (714) 277-4915 ● Facsimile (714) 277-4916 ● mantonio@rcflegal.com

December 11, 2006

## <u>VIA FACSIMILE TRANSMISSION @ 702-537-5736</u>

Christopher T Smith
10161 Park Run Drive
Las Vegas, NV 89145

|  |  |
|---|---|
| Case No.: | 06-13358 |
| Case Name: | In re Traci Nichal Turner |
| Our Client: | People's Choice Home Loan, Inc |
| RCO File No.: | 7964.30020 |

Dear Mr. Smith:

The purpose of this letter is to inform you that your client, Traci Nichal Turner, ("Debtor"), has failed to make her mortgage payments to People's Choice Home Loan, Inc.

In compliance with Local Rule **4001(a)**, People's Choice Home Loan, Inc hereby gives the Debtor notice of the default and an opportunity to cure. The amount currently due and owing is:

| | |
|---|---|
| Regular monthly payments each at **$1,311.39** for May 1, 2006 through November 1, 2006 | $10,491.12 |
| Late Fees each at $65.57 from May 1, 2006 through November 1, 2006 | $590.13 |
| Total: | **$11,081.25** |

If your client fails to submit these payments to my office within 48 hours of receipt of this facsimile transmission, or provide proof of receipt of payments to our client, then we will be forced to immediately file a motion for relief from stay. Please contact me at the number above if you have any questions.

Very truly yours,

Marisol Antonio

12/11/2006 11:43 FAX 7142774899          NORTHWEST TRUSTEE                     ☑ 001

```
                    *********************
                    ***   TX REPORT   ***
                    *********************


         TRANSMISSION OK

         TX/RX NO              0919
         CONNECTION TEL                  97025375736
         CONNECTION ID
         ST. TIME             12/11 11:42
         USAGE T              00'41
         PGS. SENT               1
         RESULT               OK
```

# ROUTH | CRABTREE | OLSEN, PS

**505 N. Tustin Avenue, Suite 243**
**Santa Ann, CA 92705**
Telephone (714) 277-4915 ♦ Facsimile (714) 277-4916 ♦ rnantonio@rcflegal.com

December 11, 2006

<u>**VIA FACSIMILE TRANSMISSION @ 702-537-5736**</u>

Christopher T Smith
10161 Park Run Drive
Las Vegas, NV 89145

|  |  |
|---|---|
| Case No.: | 06-13358 |
| Case Name: | In re Traci Nichal Turner |
| Our Client: | People's Choice Home Loan, Inc |
| RCO File No.: | 7964.30020 |

Dear Mr. Smith:

The purpose of this letter is to inform you that your client, Traci Nichal Turner, ("Debtor"), has failed to make her mortgage payments to People's Choice Home Loan, Inc.

In compliance with Local Rule **4001(a),** People's Choice Home Loan, Inc hereby gives the Debtor notice of the default and an opportunity to cure. The amount currently due and owing is:

| | |
|---|---|
| Regular monthly **payments** each at **$1,3**11.39 for May 1, 2006 through November 1, 2006 | $10,491.12 |
| Late Fees each at $65.57 from May 1, 2006 through November 1, 2006 | $590.13 |
| Total: | **$11,081.25** |

If your client fails to submit these payments to my office within 48 hours of receipt of this facsimile transmission, or provide proof of receipt of payments to our client, then we will be forced to immediately file a motion for relief from stay. Please contact me at the number above if you have any questions.