CHRISTOPHER T. SMITH, ESQ.
Nevada Bar No. 7917
LAW OFFICE OF CHRISTOPHER T. SMITH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (702) 343-4193
Facsimile: (702) 537-5736
ctsmith@attorneyctsmith.com
Attorney for Debtor Traci Nichal Turner

Electronically Filed

on August 14, 2007

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

IN RE

TRACI NICHAL TURNER,

*Debtor.*

Case Number: 06-13358-mkn

Chapter 11

**Hearing Date: September 17, 2007**

**Hearing Time: 9:30 a.m.**

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

CHRISTOPHER T. SMITH, ESQ. hereby moves this Court for leave to withdraw as attorney of record for Debtor, TRACI NICHAL TURNER in the above matter. This Motion is made pursuant to Local Bankruptcy Rule 2014 and Local Rule IA 10-6, the attached Declaration of Christopher T. Smith, Esq., the following Memorandum of Points and Authorities and the pleadings and papers of record in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

Debtor retained CHRISTOPHER T. SMITH, ESQ. ("Attorney") on or about October 20, 2006 for the purpose of filing a Chapter 11 bankruptcy petition. Attorney filed Debtor's Voluntary Petition on or about November 13, 2006. Attorney made it clear to Debtor that she was responsible for keeping her post-petition debt payments current. This was also explained to

Law Office of Christopher T. Smith
10161 Park Run Drive • Suite 150 • Las Vegas, Nevada 89145
PHONE (702) 343-4193 • FACSIMLE (702) 537-5736
ctsmith@attorneyctsmith.com

1  Debtor by the Bankruptcy Analyst during the Initial Debtor Interview.  Debtor has subsequently
2  been unable to make the necessary post-petition debt payments, resulting in multiple debtors
3  filing motions for relief from the automatic stay.  See Exhibit A, "Declaration of Christopher T.
4  Smith, Esq."
5      Attorney made multiple requests to Debtor for information regarding the status of her
6  reorganization and when she anticipated being able to make payments on her post-petition debt.
7  It was explained to Debtor that unless she could make the post-petition debt payments, her
8  debtors were within their rights to seek relief from the Court to lift the automatic stay and
9  Attorney would be unable to prepare a good-faith opposition to the various motions for relief
10 from the automatic stay.  See Exhibit A, "Declaration of Christopher T. Smith, Esq."
11     Debtor failed to respond to Attorney's requests for information regarding her ability to
12 make payments on post-petition debt and thereafter, without consulting Attorney, took a
13 previously filed opposition to a motion from relief from automatic stay prepared by Attorney,
14 removed Attorney's name from the caption and signature line, leaving Attorney's name within
15 the body of the document, and filed same with the Court on July 5, 2007.  See Exhibit A,
16 "Declaration of Christopher T. Smith, Esq."
17     Attorney notified Debtor that he would no longer be able to represent her following her
18 actions, as described above.  Attorney advised Debtor that she should retain substitute counsel to
19 represent her in this matter or Attorney would have no choice but to file a motion to withdraw.
20 Attorney provided Debtor with ample opportunity to obtain alternate counsel before filing this
21 motion to withdraw.  See Exhibit A, "Declaration of Christopher T. Smith, Esq."

## II.

## ARGUMENT

Debtor's inability to make post-petition debt payments subsequent to filing her Chapter 11 Voluntary Petition has resulted in multiple motions for relief from the automatic stay.  Debtor has repeatedly failed to respond to Attorney's requests for information on the status of her business and her ability to make required post-petition debt payments.  Rather than respond to Attorney's requests for information and without consulting with Attorney, Debtor took it upon

-2-

In re Traci Nichal Turner

herself to recycle a pleading prepared by Attorney and filed it with the court on her on behalf in opposition to the motions for relief from the automatic stay.

Attorney is unable to continue representing a client who fails to, at a minimum, respond to his requests for information. It would be unreasonable to require Attorney to continue representing a client who, without consulting him, files documents with the court that were previously created by Attorney. Additionally, LR IA 10-6 provides that "[a] party that has appeared by attorney cannot while so represented appear or act in a case."

LR 2014 and LR IA 10-6 provide that an attorney may withdraw in a matter upon leave of court following notice to the client and all opposing counsel. No delay will result from Attorney's withdrawal.

The Debtor's last known address is 734 Brown Street, Santa Rosa, California 95404.

### III.

### CONCLUSION

For the above stated reasons, Christopher T. Smith, Esq. requests that he be allowed to withdraw as counsel for Debtor TRACI NICHAL TURNER in this matter.

DATED this 14th day of August, 2007.

                LAW OFFICE OF CHRISTOPHER T. SMITH

                By: /s/ Christopher T. Smith, Esq.
                    CHRISTOPHER T. SMITH, ESQ.
                    Nevada Bar No.: 7917
                    10161 Park Run Drive, Suite 150
                    Las Vegas, Nevada 89145
                    Phone: (702) 343-4193
                    Facsimile: (702) 537-5736
                    ctsmith@attorneyctsmith.com
                    Attorney for Debtor Traci Nichal Turner

Law Office of Christopher T. Smith
10161 Park Run Drive ▪ Suite 150 ▪ Las Vegas, Nevada 89145
PHONE (702) 343-4193 ▪ FACSIMILE (702) 537-5736
ctsmith@attorneyctsmith.com

1
2
3
4
5
6
7
8

# EXHIBIT A

9
10
11
12
13
14
15
16

# EXHIBIT A

17
18
19
20
21
22
23
24

# EXHIBIT A

25
26
27
28

# EXHIBIT A

In re Traci Nichal Turner

CHRISTOPHER T. SMITH, ESQ.
Nevada Bar No. 7917
LAW OFFICE OF CHRISTOPHER T. SMITH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (702) 343-4193
Facsimile: (702) 537-5736
ctsmith@attorneyctsmith.com
Attorney for Debtor Traci Nichal Turner

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE<br>TRACI NICHAL TURNER,<br>                *Debtor.* | Case Number: 06-13358-mkn<br>Chapter 11<br>**Hearing Date: September 17, 2007**<br>**Hearing Time: 9:30 a.m.** |

### DECLARATION OF CHRISTOPHER T. SMITH, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY OF RECORD

I, Christopher T. Smith, Esq., in support of his Motion to Withdraw as Attorney of Record in the above entitled action, do hereby declare under oath as follows:

1. Declarant is the attorney of record for Debtor Traci Nichal Turner in the above-entitled action.
2. Debtor retained Declarant on or about October 20, 2006 for the purpose of filing a Chapter 11 bankruptcy petition.
3. Declarant made it clear to Debtor that her responsibilities included keeping all post-petition debt payments current, particularly with regards to her Las Vegas, Nevada real property.
4. Debtor was unable to make the necessary post-petition debt payments, resulting in multiple debtors filing motions for relief from the automatic stay.

5. Declarant sent Debtor multiple requests for information regarding the status of her reorganization and when she anticipated being able to make payments on her post-petition debt. Declarant explained to Debtor that unless she could make the post-petition debt payments, her debtors were within their rights to seek relief from the Court to lift the automatic stay and affiant be unable able to prepare a good-faith opposition to the various motions for relief from the automatic stay.

6. Debtor failed to respond to Declarant's requests for information regarding her ability to make payments on post-petition debt.

7. Without consulting Declarant, Debtor took a previously filed opposition to a motion from relief from automatic stay prepared by Declarant, removed Declarant's name from the caption and signature line, leaving Declarant's name within the body of the document, and filed same with the Court on July 5, 2007.

8. Declarant notified Debtor on July 12, 2007 he would no longer be able to represent her following her actions, as described above. Declarant advised Debtor she should retain substitute counsel to represent her in this matter or Declarant would have no choice but to file a motion to withdraw. Declarant provided Debtor with ample opportunity to obtain alternate counsel before filing this motion to withdraw.

Further your Declarant sayeth naught.

                    By: /s/ Christopher T. Smith, Esq.
                    CHRISTOPHER T. SMITH, ESQ.

In re Traci Nichal Turner