AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
J. MICHAL BLOOM, Attorney
State Bar # NV 4706
*j.michal.bloom@usdoj.gov*
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 229
Facsimile:  (702) 388-6658

E-Filed on May 31, 2008

Attorneys for the Acting United States Trustee
SARA L. KISTLER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**TRACI NICHAL TURNER,**<br><br><br><br><br><br>Debtor. | CASE NO: BK-**S**-**06-13358-mkn**<br><br>Chapter 11<br><br>Date:   June 25, 2008<br>Time:  9:30 a.m. |

# THE ACTING UNITED STATES TRUSTEE'S
# MOTION TO CONVERT CASE TO CHAPTER 7

To the Honorable MIKE K. NAKAGAWA, United States Bankruptcy Judge:

      This case must be converted to a Chapter 7 proceeding based on the debtor's failure to meet its obligations as a debtor-in-possession.  The debtor has:  (1) no reasonable likelihood of rehabilitation since the automatic stay has been vacated to permit secured creditors to foreclose on substantially all of the debtor's assets in this case; (2) failed to file monthly operating reports since October, 2007; (3) failed to pay United States Trustee quarterly fees since the second quarter of 2007.  The Acting United States Trustee requests that the Court enter an order converting this case pursuant to 11 U.S.C. § 1112(b).  This motion is based on the pleadings and papers filed in this case and the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee is charged with responsibility for supervising the administration of cases under Chapter 11 of the Code. The United States Trustee has standing to raise and to appear and be heard on any issue in this case. 11 U.S.C. § 307. The United States Trustee has the specific right to bring an action to seek conversion of a case pursuant to 28 U.S.C. § 586(a)(8).

2. This motion is premised upon 11 U.S.C. § 1112(b), and presents the Court with a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is appropriate in the District of Nevada pursuant to 28 U.S.C. § 1408(1).

4. The Acting United States Trustee incorporates all pleadings filed in this case into this motion and requests that the Court take judicial notice of those pleadings pursuant to FED. R. EVID. 201.

5. Traci Turner filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 13, 2006, indicating that the nature of her bankruptcy is "consumer/not business" [Docket #1, Page 1 of 11].

6. No Chapter 11 trustee has been appointed in this case and the debtor operates as a debtor-in-possession.

7. Schedules and the Statement of Financial Affairs were not filed until November 29, 2006 [Docket #s 13 and 14], one day after their due date.

8. Schedule A lists 3 residential properties in Clark County valued jointly at $1,481,000.00 [Docket # 13, Page 3 of 34].

9. Schedule J indicates that as of the date of filing the debtor suffered a net loss each month, after paying the mortgages on her 3 properties, of $9,417.00 [Docket # 13, Page 18 of 34, Line 20c].

10. It is hardly surprising that orders terminating the automatic stay have since been entered on all 3 of the debtor's properties permitting her secured creditors to proceed with foreclosure [Docket #s 43, 70, 71, and 98].

11.  Aside from the real property, the debtor's remaining assets listed on Schedule B total only $13,125.00 [Docket # 13, Pages 4-6 of 34].

12.  The present status of this case is that:

    a.  The automatic stay has been vacated on all debtor's real estate valued at $1,481,000.00 [Docket # 13, Page 3 of 34].  Without these assets, the debtor has no hope of reorganization;

    b.  Counsel for the debtor, Christopher T. Smith, withdrew pursuant to Court order on September 26, 2007 [Docket # 85].  The debtor is currently *pro se*;

    c.  The debtor has failed to file monthly operating reports covering the period from November 1, 2007 to April 30, 2008;

    d.  The debtor has never filed a disclosure statement or plan of reorganization in this case; and,

    e.  The debtor has failed to pay United States Trustee quarterly fees due and owing for the third and fourth quarters of 2007, as well as the first quarter of 2008.

13.  The Acting United States Trustee's motion to convert this case from a proceeding under Chapter 11 of the Bankruptcy Code to one under Chapter 7 is premised upon 11 U.S.C. § 1112(b).  That section provides, in relevant part:

> . . . . .
>
> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. [emphasis added]
>
> . . . . .
>
>   (4)  For purposes of this subsection, the term "cause" includes - -
>
>     (A)  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.
>
> . . . . .

  (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

. . . . .

  (K) failure to pay any fees or charges required under chapter 123 of title 28;

. . . . .

14. Cause for conversion exists in this case:

 a. Pursuant to 11 U.S.C. § 1112(b)(4)(A), as the debtor continues to incur administrative expenses in this case without any likelihood of rehabilitation;

 b. Pursuant to 11 U.S.C. § 1112(b)(4)(H), as the debtor has failed to file monthly operating reports since October, 2007.;

 c. Pursuant to 11 U.S.C. §1112(b)(4)(K), as the debtor has not paid quarterly fees to the United States Trustee since the second quarter of 2007.

**WHEREFORE**, the Acting United States Trustee respectfully requests that the Court enter an order converting Traci Nichal Turner's case to a Chapter 7 proceeding and granting such other and additional relief as is just and equitable.

Dated:  May 31, 2008

        Respectfully submitted,

        **SARA L. KISTLER**
        **ACTING UNITED STATES TRUSTEE**
        **REGION 17**

        By: */s/ J. Michal Bloom*
         J. Michal Bloom, Esq.
         Attorney for the Acting United States Trustee
         United States Department of Justice